**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HONOUR HOBBS, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 2:24-cv-02255-JAR-BGS |
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, | ) ) ) ) |
|     Defendant. | ) ) |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Midland Credit Management, Inc. ("Defendant"), for its Answer to Plaintiff's Complaint states as follows:

**JURISDICTION AND VENUE**

1. Paragraph 1 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendant denies the same.

2. Paragraph 2 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

**PARTIES**

3. Responding to Paragraph 3, Defendant lacks information or knowledge sufficient to admit or deny whether Plaintiff is a citizen of the State of Kansas and, therefore, denies the same; Defendant admits that it is the owner of the Celtic Bank credit card account and The Bank of Missouri credit card account at issue in this case, but lacks information or knowledge sufficient to admit or deny the remainder of the allegations, including whether the accounts were "consumer debts" and, therefore, denies the same.

4. Responding to Paragraph 4, Defendant admits it is a Kansas corporation. The remaining allegations contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the remaining allegations contained in Paragraph 4.

5. Defendant denies the allegations contained in Paragraph 5.

6. Defendant admits the allegations contained in Paragraph 6.

## FACTUAL ALLEGATIONS

7. Responding to the first sentence contained in Paragraph 7, Defendant is without information sufficient to either admit or deny the status of Plaintiff's financial condition as stated, and therefore denies the same. Responding to the second sentence of Paragraph 7, Defendant admits that it purchased/obtained Plaintiff's accounts and filed the lawsuit referenced herein, but it denies the remainder of the allegations contained in Paragraph 7.

8. Responding to Paragraph 8, Defendant states that the document found at Exhibit B attached to the Complaint speaks for itself.

9. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 9 and, therefore, denies the same. Responding further, Defendant states that the document found at Exhibit C attached to the Complaint speaks for itself.

10. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the same. Responding further, Defendant states that the document found at Exhibit D attached to the Complaint speaks for itself.

11. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 11 and, therefore, denies the same and specifically denies that it committed any violations of the FDCPA as alleged.

12. Paragraph 12 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

13. Defendant lacks information or knowledge sufficient to admit or deny the allegations contained in Paragraph 13 and, therefore, denies the same.

14. Defendant lacks information or knowledge as to what Plaintiff refers by "[a]ll of Defendant's collection actions at issue in this matter," and, therefore, Defendant denies the allegations contained in Paragraph 14.

## COUNT I
### Alleged Violation of 1692e(8) of the FDCPA –
### Failing to Report That a Disputed Debt is Disputed

15. Defendant incorporates by reference the above paragraphs.

16. Paragraph 16 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

17. Defendant denies the allegations contained in Paragraph 17.

18. Defendant denies the allegations contained in Paragraph 18.

## COUNT II
### Alleged Violation of 1692f of the FDCPA –
### Unfair or Unconscionable Collection Actions

19. Defendant incorporates by reference the above paragraphs.

20. Paragraph 20 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant denies the same.

21. Defendant denies the allegations contained in Paragraph 21.

22. Defendant denies the allegations contained in Paragraph 22.

## JURY DEMAND

Defendant acknowledges Plaintiff's right to demand a jury on all issues so triable.

## **AFFIRMATIVE DEFENSES**

1. Defendant acted in good faith with reasonable grounds to believe that its actions were not in violation of law, including the FDCPA, and the actions were unintentional and/or were the result of a bona fide error as defined in the FDCPA.

2. Plaintiff's claims may be barred, in whole or in part, to the effect Plaintiff failed to mitigate her damages, the existence of which damages Defendant specifically denies.

3. Plaintiff lacks standing.

4. Defendant reserves the right to add further affirmative defenses as discovery and litigation of this case progress.

WHEREFORE, having fully responded to the allegations in the Complaint, Defendant prays that this Court dismiss the claims brought by Plaintiff with prejudice to future actions, at Plaintiff's costs, and for such other and further relief as the Court deems just and proper, including an award of Defendant's attorneys' fees as allowed by law.

Dated this 29th day of July, 2024.

Respectfully submitted,
SPENCER FANE LLP

By: s/ Joshua C. Dickinson
Joshua C. Dickinson   KS Bar No. 20632
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216
E-mail: jdickinson@spencerfane.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I hereby certify that the foregoing was filed electronically with the United States District Court for the District of Kansas on the 29th day of July, 2024, with notice of case activity generated and sent to counsel of record.

                                                s/ Joshua C. Dickinson